831 P.2d 838

**In re the Marriage of Lavina J. LOWELL, Petitioner/Appellee,**

**and**

**Jerry John Lowell, Respondent/Appellant.**

**No. 2 CA–CV 91–0109.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 26, 1991.

Rehearing Dismissed June 29, 1992.

Dickerson and Rheinheimer by Timothy B. Dickerson, Sierra Vista, for petitioner/appellee.

Riley, Hoggatt & Suagee by Mark A. Suagee, Sierra Vista, for respondent/appellant.

OPINION

LIVERMORE, Chief Judge.

The parties were married in 1964; that marriage was dissolved in 1991 at a time when the husband had already retired from his federal civil service employment. It is agreed that the wife is entitled to 37% of the husband's federal retirement benefits. At issue in this appeal is whether the trial court erred in awarding the wife the survivorship benefit provided by 5 U.S.C. § 8341. We affirm.

As we understand the husband's argument on appeal, it is that because section 8341 recognizes that the survivorship benefit may be split between current and former spouses, a right is created in the retiree to give a portion of the benefit to a future spouse. The argument then proceeds that because federal law is supreme, a state court judgment cannot impair the federal right so given. The short answer to this preemption argument is that subsection (h)(1) of section 8341 expressly provides that a court-ordered property division may dispose of the survivorship benefit. That which the statute expressly allows is

not preempted. There being no authority to the contrary, we find no impediment in federal law to the award of the full survivorship benefit to a former spouse.

At the time the marriage of the parties was dissolved, the husband had already retired and the right to a reduced pension with a survivorship benefit had been elected by him. Seventy-four percent of the retirement and survivorship benefit were community property. The survivor benefit is being funded by both husband and wife through a reduction in existing retirement payments. That benefit, when it accrues on the death of the husband, is 55% of the existing payments to both spouses. In short, the survivor benefit is much less because it is designed to support a single spouse. We see nothing improper in an award to one spouse in a dissolution of an asset designed solely for a surviving spouse when that benefit has been paid for overwhelmingly by community funds.

Affirmed.

LACAGNINA, P.J., and HOWARD, J., concur.